KENTUCKY FARM BUREAU MUTUAL
INSURANCE CO., Appellant,

v.

C. Q. McMULLIN and the Citizens Bank of
Hickman, Kentucky, Appellees.

Court of Appeals of Kentucky.

June 24, 1955.

Woodard C. Tipton, Hickman, Percy Brown, Jr., Louisville, for appellant.

M. C. Anderson, Wickliffe, D. L. McNeill, Hickman, for appellees.

CAMMACK, Judge.

· This action was filed by C. Q. McMullin and the Citizens Bank of Hickman, Kentucky, to recover on an insurance policy issued by the appellant Insurance Company on a truck owned by McMullin on which the Bank held a chattel mortgage. The judgment which forms the basis for the appeal is based on a jury's verdict in favor of McMullin alone in the sum of $1,302.90. This sum represents damage to the truck and attorneys' fees and court cost incurred by McMullin in defense of a suit against him which grew out of the collision in which the truck was damaged.

The insurance policy in question indemnified McMullin against liability for personal injury or property damage to others resulting from use of the truck, and also insured against damage to the truck by collision. The Citizens Bank of Hickman held a mortgage against the truck and in a "transfer endorsement" attached to the policy the Bank is listed as a mortgagee in the amount of $600.

In defense of the claims of McMullin and the Bank, the Insurance Company pleaded in its answer that prior to the date of the

collision in which the truck was damaged the Company, by agreement with McMullin, had placed an endorsement upon the policy providing that the Company would not be liable for any damage which might occur while the insured vehicle was being operated by the insured's son, Billy McMullin. It is also alleged that Billy McMullin was operating the truck at the time of the collision in which it was damaged, and for that reason the Company has no liability. The trial judge sustained the motion of plaintiffs to strike this part of the answer, and also refused to permit the Company to introduce evidence in regard to the endorsement.

■ It is our opinion that this ruling is unsound as to both the bank and Mc-Mullin. It is clear that the parties to the policy had the right to make such lawful modifications of its terms as they might mutually agree upon. Old Colony Ins. Co. v. Berryman Realty Co., 193 Ky. 7, 234 S. W. 748, 21 A.L.R. 292; 29 Am.Jur., Insurance, Sec. 238. In this case the Company's plea that McMullin agreed to the endorsement relieving the Company of liability while Billy McMullin was driving the vehicle, stated a good defense as to McMullin. Obviously, if McMullin agreed to the modification and then authorized an act to be done in violation of its terms, he cannot recover.

■ Whether the Company stated a good defense against the Bank depends, in the first instance, upon the question whether it was entitled to notice of the endorsement on the policy. The Company concedes that if the policy had contained a "standard mortgage clause" or a "loss payable clause" the Bank would have been entitled to notice of the endorsement. However, the policy under consideration contained neither of the above clauses. The only reference in the policy to the Bank is in the form of an answer by McMullin to a question as to whether the truck was mortgaged and if so to whom. Under these circumstances we conclude that the Bank was not entitled to notice of the endorsement. To hold otherwise would give it rights at least as great as those possessed by mortgagees who have protected their interests by inserting some type of protective clause in the policy. It would also give it rights greater than those possessed by the mortgagor. We hold, therefore, that a good defense was stated against the Bank also.

Judgment reversed for further proceedings consistent with this opinion.